# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN RE:**

Salvador Chavez,                                    Bankruptcy No. 07-66074-PJS
                                                    Honorable Philip J. Shefferly
    Debtor.                     Chapter 7

_____/

Elia Rodriguez,

    Plaintiff,

vs.                                                 Adv. Pro. No. _____
                                                    Honorable Phillip J. Shefferly

Salvador Chavez (Debtor) and Maria
Guadalupe Harode-Chavez (non-filing spouse
of the Debtor)

    Defendant.

_____/


## COMPLAINT TO DETERMINE THE EXTENT OF A DEBT OWED BY DEBTOR AND NON-FILING SPOUSE AND DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §523 AND TO DENY DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727

    Plaintiff, Elia Rodriguez, is a creditor and party in interest in the above referenced bankruptcy case and for her Complaint to Determine The Extent Of A Debt Owed By Debtor And Non-Filing Spouse And Dischargeability Pursuant To 11 U.S.C. §523 And To Deny Debtor A Discharge Pursuant to 11 U.S.C. §727, states as follows:

### I. JURISDICTION

    1.    This court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to 28 USC §1334 and 28 U.S.C. §157(b)(2)(I) and (J). Plaintiff brings this complaint pursuant to 11 U.S.C. §523 and 11 U.S.C. §727. The joinder of Maria Guadalupe Harode-Chavez (the Debtor's non-filing spouse) is made pursuant to Fed. R.

Bankr. P. 7019 which incorporates Rule 19 of Fed. R. Civ. P. 19.

## II. FACTUAL BACKGROUND

2.       Debtor/Defendant, Salvador Chavez ("Defendant"), filed a voluntary Chapter 7 bankruptcy petition on December 21, 2007 (Bankruptcy Case No. 07-66074-PJS). Prior to the filing of this bankruptcy case, Plaintiff commenced an action in the Oakland County Circuit Court (Elia Rodriguez vs. Salvador Chavez and Maria Guadalupe Harode-Chavez, Case No. 06-079263-CZ, Hon. Mark A. Goldsmith) seeking to liquidate the obligation owed to her by Debtor and Debtor's non-filing spouse related to the loan to finance the start up of a restaurant known as the Acapulco Mexican Grill, Inc. located at 4240 Pontiac Lake Road, Waterford, Michigan 48328. Debtor and Debtor's non-filing spouse answered the complaint and contested the amount of money owed to Plaintiff.

3.       Plaintiff is a listed creditor of the Debtor with claims in this case related to a business deal between her and Defendant and Defendant's non-filing spouse.

4.       Defendant owned and operated a business, Acapulco Mexican Grill, Inc. ("Acapulco"), located at 4240 Pontiac Lake Road, Waterford, Michigan 48328.

5.       Plaintiff lent money to Defendant and his non-filing spouse to fund the start-up and operations of Acapulco with the understanding that Defendant would repay the money lent and make Plaintiff a co-owner of Acapulco.

6.       Defendant induced Plaintiff to invest in Acapulco by making false representations as to where Plaintiff's money would be spent and what it would be used for and on the potential success of Acapulco.

7.       Defendant knew or should have known that the representations and omissions he made related to the use of Plaintiff's funds and the likely success of Acapulco were false at the time they were made.

08-04561-pjs    Doc 1    Filed 05/15/08    Entered 05/15/08 17:56:10    Page 2 of 6

8.     Defendant made the representations or withheld information from Plaintiff with the intention that Plaintiff would rely on the misrepresentations.

9.     Plaintiff did in fact rely on Defendants misrepresentations and omissions.

10.    As a result of Defendant's fraud and misrepresentations, Plaintiff has suffered damages.

11.    Defendant's original schedules failed to list all of Defendant's assets in his bankruptcy case.

12.          Defendant, upon information and belief, the Debtor has attempted to secrete assets and/or fail to indicate their value in his bankruptcy case to the detriment of creditors in this case with respect to both personnel and real property.

### III. DETERMINATION OF DEBT OWED TO PLAINTIFF BY DEBTOR AND NON-FILING SPOUSE

13.    Since this proceeding involves the determination of the extent and dischargeability of a debt, Plaintiff has joined the Debtor's non-filing spouse, Maria Guadalupe Harode-Chavez, as a defendant in this action to determine the amount of debt owed to Plaintiff by her/.

14.    Plaintiff added Maria Guadalupe Harode-Chavez as a defendant pursuant to Fed. R. Bankr. P. 7019 and pursuant to a stipulation between the parties closing the state court proceeding.

### IV. UNDISCLOSED OR IMPROPERLY DISCLOSED ASSETS

15.    A public records search of Defendant that was conducted in November of 2006 which listed at least four (4) vehicles that appeared to be titled in the name of Defendant, Salvador Chavez.

   a. 2005 Ford Mustang GT, License Plate No. ZRQ756
     VIN: 1ZVFT82H555116501

b.  2005 Ford F350 Pickup, License Plate No. AEG3777
VIN: 1FTWW31P2ED22932

c.  2003 Ford F350 Super Duty, License Plate No. 0429KS
VIN: 1FTSW31F63EA46189

d.  2003 Ford Mustang Cobra SVT, License Plate No. 3FLT08
VIN: 1FAFP49Y23F324466

16.     Despite having brought to the attention of Debtor at his initial 341 exam that he

had failed to explain what had happened to these vehicles, when Debtor amended his

Schedules he failed to provide an explanation in the Statement of Financial Affairs

(question 10) as to any indication of the transfer of any of these vehicles.

17.     It is believed that these vehicles have significant value and have been transferred

by the Debtor in an effort to thwart his creditors.

18.     Initially the Defendant failed to list any assets in his bankruptcy petition outside

of the United States.

19.     Defendant Debtor was initially questioned about this during his 11 U.S.C. § 341

Examination and indicated that he did, in fact, own property in Mexico.

20.     Defendant amended his Schedules to list two parcels of real estate in Mexico but

listed the value of one property for $3,000.00 and the value of the other property as

"unknown".

21.     It is believed that the parcels in Mexico have substantial value far in excess of

the values disclosed by the Debtor in his amended bankruptcy schedules.  Plaintiff has

contacted attorneys in Mexico to investigate any parcels of property that may have been

transferred to Mr. Chavez. They indicated that the Debtor is an owner of a parcel of

property located in Mazemitla, Mexico and that the land is approximately 7,609.63 square

meters.  The Mexican attorneys also indicate that the current price per meter in this area is

approximately 450-500 pesos. At current exchange rates, this property would have an

approximate value of between $327,000.00 and $364,000.00.

## IV. NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(2)(A)

22.    Defendant, through false pretenses, false representations, and/or actual fraud (including silent fraud) induced Plaintiff to invest time and money in Acapulco that Plaintiff would not have done absent the false pretenses, false representations and/or actual fraud by Defendant.

23.    Plaintiff relied on Defendant's false pretenses, false representations, and/or actual fraud to its detriment.

24.    Plaintiff was damaged by Defendant's false pretenses, false representations, and/or actual fraud.

25.    Defendant's conduct establishes the non-dischargeabilty of Defendant's debt to Plaintiff pursuant to 11 U.S.C. §523(a)(2)(A).

## V. DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3)

26.    Upon information and belief, Defendant has failed to provide documentation related to his financial condition and/or has concealed such information and has not properly disclosed such information on his bankruptcy petition.

27.    Defendant's conduct establishes that Defendant should be denied a discharge pursuant to 11 U.S.C. §727(a)(3).

## VI. DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(4)

28.    Upon information and belief, Defendant has not properly reflected his financial condition on his original bankruptcy schedules and/or his amended schedules.

29.    Defendant's conduct establishes that Defendant should be denied a discharge pursuant to 11 U.S.C. §727(a)(4).

## VII. RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A) Determine the debt owed by Defendants to Plaintiff; B) Enter an Order rendering the Defendant's indebtedness to Plaintiff non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A); C) Enter an Order denying the Defendant a discharge pursuant to 11 U.S.C. §727(a)(3) and (4); and D) Grant Plaintiff any other or further relief that this Court deems appropriate and just under the circumstances.

Respectfully submitted,

/s/*Kevin C. Calhoun*
Tony F. Di Ponio (P48656)
Kevin C. Calhoun (P55592)
Calhoun & Di Ponio, PLC
Attorneys for Plaintiff
Elia Rodriguez
31000 Telegraph Road, Suite 280
Bingham Farms, MI 48025-4319
(248) 594-1500
kevin@lawyermich.com

Dated: May 15, 2008